ATTORNEY FOR APPELLANT
Jeffrey A. Doty
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Jeffrey J. Mortier
Julia Blackwell Gelinas
Lucy R. Dollens
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S02-0609-CV-339

AMERICAN FAMILY INSURANCE
COMPANY, A/S/O ALICE GRIEPENSTROH,

*Appellant (Plaintiff below),*

v.

FORD MOTOR COMPANY,

*Appellee (Defendant below).*

Appeal from the Marion Superior Court, No. 49D03-0503-CT-9782
The Honorable Patrick McCarty, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A02-0507-CV-684

**December 5, 2006**

**Boehm, J.**

We hold that the term "principal office" as used in subsections (4) and (10) of Trial Rule 75(A) refers to a domestic or foreign corporation's registered office in Indiana. We also hold that subsection (10) of Trial Rule 75(A) establishes preferred venue under two circumstances: (1) when none of the preceding nine subsections are applicable *or* (2) when "all the defendants are nonresident individuals or nonresident organizations without a principal office in the state."

**Facts and Procedural History**

Ford Motor Company is a Delaware corporation with its headquarters in Michigan. Ford has no offices in Indiana but is authorized to do business in Indiana. As required by Indiana Code section 23-1-24-1,[1] Ford maintains a registered office and registered agent in Indiana, namely, CT Corporation in Marion County.[2]

In 2003, Alice Griepenstroh, a Spencer County resident, was driving her Ford Explorer in Spencer County when it caught fire. Griepenstroh was reimbursed for damage to her vehicle under her automobile insurance policy issued by American Family Insurance. Griepenstroh's claim was handled by the American Family office in Marion County.

American Family, as Griepenstroh's subrogee, sued Ford in Marion County, alleging negligence in the manufacture of the automobile and breaches of express and implied warranties and seeking to recover the amount it had reimbursed Griepenstroh. American Family's complaint alleged that Marion County was a county of preferred venue under Indiana Trial Rule 75 but did not specify which of the ten subsections of Trial Rule 75 it contended was applicable.

The trial court granted Ford's motion to transfer venue to Spencer County as the county of preferred venue. American Family appealed pursuant to Indiana Rule of Appellate Procedure 14(A)(8), which provides for interlocutory appeal of right from an order transferring venue. The

_____

[1] Indiana Code section 23-1-24-1 applies to foreign corporations authorized to do business in Indiana. It provides:

Sec. 1. Each corporation must continuously maintain in Indiana:
    (1) a registered office; and
    (2) a registered agent, who must be:
        (A) an individual who resides in Indiana and whose business office is identical with the registered office;
        (B) a domestic corporation or not-for-profit domestic corporation whose business office is identical with the registered office; or
        (C) a foreign corporation or not-for-profit foreign corporation authorized to transact business in Indiana whose business office is identical with the registered office.

[2] Although neither party placed this information on the record, we take judicial notice of Ford's designated registered office and agent on file at the Indiana Secretary of State as required by Indiana Code section 23-1-49-3.

2

Court of Appeals reversed, concluding that Marion County was a preferred venue under Trial Rule 75(A)(10). American Family Ins. Co. v. Ford Motor Co., 848 N.E.2d 319 (Ind. Ct. App. 2006). We granted transfer. No. 49S02-0609-CV-339, 2006 Ind. LEXIS 866 (Ind. Sept. 26, 2006).

The venue provisions relevant to this case are subsections (3), (4), and (10) of Trial Rule 75(A). They confer preferred venue in the following:

> (3) the county where the accident or collision occurred, if the complaint includes a claim for injuries relating to the operation of a motor vehicle . . .
>
> (4) the county where . . . the principal office of a defendant organization is located . . .
>
> (10) the county where either one or more individual plaintiffs reside, the principal office of any plaintiff organization or governmental organization is located, or the office of any such plaintiff organization or governmental organization to which the claim relates or out of which the claim arose is located, if the case is not subject to the requirements of subsections (1) through (9) of this subdivision or if all the defendants are nonresident individuals or nonresident organizations without a principal office in the state.
>
> T. R. 75(A)(3), (4), (10).

Both parties and the Court of Appeals addressed venue in this case on the assumption that Ford had no "principal office" in Indiana, as this term appears in subsections (4) and (10). For the reasons explained below, we disagree with that premise and conclude that venue in Marion County was proper under Trial Rule 75(A)(4) because Marion County is the county where Ford has its "principal office in the state." Although we agree with the Court of Appeals that venue in Marion County was proper, we grant transfer to attempt to clarify the venue rules applicable to suits against foreign corporations because the same issue arises frequently and we hope to avoid unnecessary litigation over venue.

**Standard of Review**

The Court of Appeals has stated that a trial court's order on a motion to transfer venue is reviewed for an abuse of discretion, which can be found if the trial court's decision is clearly

3

against the logic and effect of the facts and circumstances before the court or it misinterprets the law.  See, e.g., <u>Monroe Guar. Ins. Co. v. Berrier</u>, 827 N.E.2d 158, 159 (Ind. Ct. App. 2005), <u>trans. denied</u> (citing <u>Bostic v. House of James, Inc.</u>, 784 N.E.2d 509, 510-11 (Ind. Ct. App. 2003), <u>trans. denied</u>).  There is little practical difference between these formulations, but we think that factual findings linked to a ruling on a motion under Rule 75(A) are reviewed under a clearly erroneous standard and rulings of law are reviewed de novo.  If factual determinations are based on a paper record, they are also reviewed de novo.  See, e.g., <u>Equicor Dev., Inc. v. Westfield-Washington Twp. Plan Comm'n</u>, 758 N.E.2d 34, 37 (Ind. 2001).

### I.  Preferred Venue Under Trial Rule 75(A)(4)

Trial Rule 75 governs venue requirements in Indiana.  It contains ten subsections, each setting forth criteria establishing "preferred" venue.  A case or complaint may be filed in any county in Indiana, but if the complaint is not filed in a preferred venue, the court is required to transfer the case to a preferred venue upon the proper request from a party.  T.R. 75(A).  The rule does not create a priority among the subsections establishing preferred venue.  <u>Bostic</u>, 784 N.E.2d at 511.  If the complaint is filed in a county of preferred venue, then the trial court has no authority to transfer the case based solely on preferred venue in one or more other counties.[3]  <u>See</u> <u>Meridian Mut. Ins. Co. v. Harter</u>, 671 N.E.2d 861, 863 (Ind. 1996).  Subsection (4) of the rule establishes preferred venue in "the county where . . . the principal office of a defendant organization is located . . . ."  T.R. 75(A)(4).  Thus, if a case is filed in the county where the principal office of a defendant organization is located, transfer to another county on grounds of preferred venue would be inappropriate.

The term "principal office" as used in Trial Rule 75(A) has never been addressed by this Court.  However, two opinions of the Court of Appeals have interpreted the term "principal office" as used in subsection (4) of the rule.  <u>Pratt v. Pierce</u>, 713 N.E.2d 312, 315 (Ind. Ct. App. 1999); <u>Western Sales & Serv. v. Ford Motor Co.</u>, 576 N.E.2d 631, 632 (Ind. Ct. App. 1991).  In <u>Western Sales</u> the Court of Appeals rejected the argument that the content of the phrase "principal office" in the venue rule was supplied by the definition of that term in Indiana Code section

---

[3] Transfer may be proper on other grounds, such as another action pending.  <u>See</u> <u>Meridian Mut. Ins. Co. v. Harter</u>, 671 N.E.2d 861, 863 n.4 (Ind. 1996).

4

23-1-20-19 (1998) for purposes of the Business Corporation Act.  That section defines "principal office" as "the office (in or out of Indiana) so designated in the annual or biennial report where the principal executive offices of a domestic or foreign corporation are located."  I.C. § 23-1-20-19 (2004).

We agree that this definition from the Business Corporation Act is not what the venue rules had in mind.  Indiana Code section 23-1-20-19 was enacted over fifteen years after the adoption of Trial Rule 75 as a part of the overhaul of the Business Corporation Act.  The currently effective Rules of Trial Procedure, including Trial Rule 75, were adopted in 1970.  At that time Indiana's corporation law required that both foreign and domestic corporations maintain a "principal office in this state" where a designated resident agent for service of process could be found.  Ind. Code § 25-204,[4] 25-306[5] (Burns Code Ed. Repl. 1969).  It is that office to which Trial Rule 75 referred by using the same phrase to provide in subsection (4) that preferred venue lies in "the county where . . . the principal office of a defendant organization is located."  When the Business Corporation Act was adopted in 1986, what had formerly been called the "principal office in this state" was designated the "registered office."  I.C. § 23-1-24-1 (2004).  This avoided the confusion between "principal place of business," which means the corporate headquarters for purposes of federal diversity jurisdiction under 28 U.S.C. section 1332, and "principal office," which means the place in Indiana where one serves the corporate registered agent.  By adopting the term "registered office," the Business Corporation Act did not intend to change the venue rules for foreign corporations.  Indeed, foreign corporations qualified to do business under other laws, for example, the Financial Institutions Act, to this day are required to have a

---

[4] Indiana Code section 25-204 (Burns Code Ed. Repl. 1969), found under Chapter 2 "Domestic Corporations for Profit," stated in pertinent part:

> Principal office—Resident agent for service of process.—Each corporation shall maintain an office or place of business in this state, to be known as the "principal office," and shall have an officer or agent resident in this state and designated as the resident agent of such corporation, in charge thereof.

[5] Indiana Code section 25-306 (Burns Code Ed. Repl. 1969), found under Chapter 3 "Foreign Corporations for Profit," stated in pertinent part:

> Resident agent for service of process.—Each foreign corporation admitted to do business in this state, shall keep constantly on file in the office of the secretary of state an affidavit of its president or a vice-president and its secretary or an assistant secretary, setting forth the location of its principal office in this state, and the name of some person who may be found at such office as its agent or representative on who service of legal process may be had in all suits and actions that may be commenced against it.

(emphasis added).

5

"principal office in this state." <u>See, e.g.</u>, I.C. § 28-1-22-12. In short, at the time the current Rules of Trial Procedure were proposed, the phrase "principal office" referred to what is currently known as the "registered office" of a foreign corporation qualified to do business in Indiana. Thus, if a foreign corporation is qualified to do business in Indiana under the Business Corporation Act, it will necessarily have a "principal office in the state"—now called a "registered office"—irrespective of where its corporate headquarters may be. Accordingly, subsection (4) of Trial Rule 75 establishes preferred venue in the county of the defendant organization's registered office.

We conclude that defendant Ford has a principal office in the state for venue purposes. The same is true of all foreign corporations qualified to do business in Indiana in compliance with the Business Corporation Act. Ford has designated CT Corporation, located in Marion County, as its registered agent. Because Ford's registered office in the state is located in Marion County, American Family filed its complaint in a preferred venue under subsection (4) of the rule. Transfer to Spencer County was therefore inappropriate.

## II. Preferred Venue Under Trial Rule 75(A)(10)

The Court of Appeals concluded that Marion County was a preferred venue under subsection (10) of Trial Rule 75(A)(4). Subsection (10) establishes preferred venue in the county where the plaintiff resides, under certain circumstances. It differs in kind from the preceding nine subsections of Trial Rule 75(A). Each of the first nine subsections provides a freestanding basis for preferred venue. Subsection (10), however, is available to establish preferred venue only "if the case is not subject to the requirements of subsections (1) through (9) of [the rule] or if all the defendants are nonresident individuals or nonresident organizations without a principal office in the state." T.R. 75(A)(10).

In debating proper venue, both American Family and Ford proceeded from the premise that Ford was a nonresident organization without a principal office in the state.[6] As a result, the

---

[6] Ford argued that subsection (3) of the rule established preferred venue in Spencer County, where "the accident" occurred. Ford contended that none of the other provisions of Trial Rule 75 conferred preferred venue in Marion County. Specifically, Ford argued that subsection (10) of the rule did not establish preferred venue in Marion County because subsection (10) applied only if preferred venue could not be es-

parties disputed whether subsection (10) applied only if none of the first nine subsections established preferred venue or whether the language following "or" in subsection (10) constituted a freestanding basis for preferred venue. A host of cases from this Court and the Court of Appeals have referred to the first of these two but omitted reference to the second. We have also stated that subsection (10) establishes preferred venue only in the event that preferred venue cannot be established by subsections (1) through (9). See, e.g., Meridian Mut., 671 N.E.2d at 863 n.3 ("T.R. 75(A)(10)), by its own terms, is applicable only when T.R. 75(A)(1)-(9) do not provide preferred venue."). The commentary on subsection (10) also states that "[w]hen the other provisions of this subdivision fix venue at a different place, the provision is not applicable."[7] The Court of Appeals nevertheless found the language of Trial Rule 75(A)(10) to be clear and unambiguous. The court held that the subsection applies under either of two conditions: (1) preferred venue cannot be established under one of the preceding nine subsections or (2) "all the defendants are nonresident individuals or nonresident organizations without a principal office in the state." Id. As the Court of Appeals pointed out, no cases from this Court or the Court of Appeals addressed proper venue where all of the defendants were either nonresident individuals or nonresident organizations with no "principal office in the state." American Family, 848 N.E.2d at 323. Accordingly, to the extent we or the Court of Appeals stated that subsection (10) applied only if none of the other subsections were applicable, that was controlling in that case but was pure dicta if taken to exclude application of subsection (10) under the circumstances described after the "or."

If taken as a complete summary of the effect of subsection (10), these statements from earlier decisions and the commentary to the rule read the last phrase of subsection (10) out of the

tablished under any of the preceding nine subsections of that rule. Ford alternatively argued that if subsection (10) established preferred venue in this case, preferred venue would lie in Griepenstroh's county of residence, Spencer County, rather than Marion County, where American Family's office handled that claim.

American Family contended that subsection (10) of the rule applied if either (1) no other subsection applied or (2) the defendant was a nonresident organization without a principal office in the state. American Family argued that Ford was a nonresident without a principal office and American Family, the plaintiff, had processed the claim in Marion County. Therefore, American Family contended Marion County was preferred venue under subsection (10) as the county of the plaintiff's (American Family's) office "to which the claim relates." Although these arguments have no effect on the disposition of this issue, we address them to clarify the applicability of Trial Rule 75(A)(10).

[7] 1970 Civil Code Study Commission Comments, reprinted in 4A William F. Harvey, Indiana Practice: Rules of Procedure Annotated 143 (3d ed. 2003).

Rule. There would be no purpose to the provision for cases where only nonresidents are defendants if subsection (10) applied only if (1) through (9) are inapplicable. The language is not surplus. Rather, it expanded to all civil actions the statutory provision allowing accident claims against nonresidents to be brought in the county of the plaintiff's residence. As explained in the comments to the rule at the time the Trial Rules were adopted, "[s]ubsection (10) . . . follows the policy of Burns' Stat., § 2-709 (Repl. 1968) and many special statutes fixing venue at the place of the plaintiff's residence in certain situations."[8] The cited statute, Burns' section 2-709, provided that "[c]ivil actions against nonresident motorists may be brought in the county of the residence of the plaintiff or in the county where the accident or collision occurred, at the election of the plaintiff." This predecessor venue provision applied only to suits against "nonresident motorists." The citation by the commentary demonstrates that the purpose of this final provision of subsection (10) is to provide preferred venue at the plaintiff's convenience if no venue in Indiana is particularly convenient for the defendants because of their nonresident status. We therefore agree with the Court of Appeals that the rule provides for preferred venue if all defendants are nonresident individuals or nonresident organizations without a principal office in Indiana. In such a case, the plaintiff's residence or office establishes preferred venue as specified in the rule.

Ford argues that this interpretation of subsection (10) "produce[s] an illogical result contrary to the purpose of the rule – convenience." We disagree that "convenience" is the only purpose of the rule if convenience is taken to mean proximity to the locale of the event giving rise to the action. The county of the plaintiff's residence may not always produce the most convenient forum for nonresident defendants. In cases arising from accidents involving nonresident individuals, for example, venue at the site of the accident may very well be more convenient than the plaintiff's residence. However, Trial Rule 75(A) does not always produce preferred venue at the most convenient location. It rather provides a number of grounds that can establish preferred venue. These include counties of residence of the parties in various circumstances, more frequently conferring preferred venue on the county where the defendant is found.[9]

---

[8] Id.
[9] Trial Rule 75(A)(1) and (4) expressly confer preferred venue on the residence of an individual defendant and the principal office of an organizational defendant. In contrast, a plaintiff's residence provides "preferred venue" only if an action relates to real estate or a chattel in the county of a plaintiff's residence,

In sum, we agree with the Court of Appeals that the language in Trial Rule 75(A)(10) following "or" is not redundant and permits claims against certain nonresidents to be brought at the county of the plaintiff's "residence" or "office." Based on the plain language of the rule and the 1970 Civil Code Study Commission Comments, we conclude that subsection (10) of Trial Rule 75(A) applies in two circumstances: (1) when none of the preceding nine subsections establish preferred venue *or* (2) when all of the defendants are nonresident individuals or nonresident organizations without a "principal office in the state." However, because Ford has a principal office in the state, subsection (4) applies and the only defendant in this case is not "without a principal office in the state," so neither circumstance triggering the applicability of subsection (10) is present.

## Conclusion

The trial court's order granting Ford's motion for change of venue is reversed. This case is remanded to the Marion Superior Court.

Shepard, C.J., and Dickson, Sullivan, and Rucker, J.J., concur.

---

(A)(2); an individual plaintiff sues a governmental entity, (A)(3); or under the limited circumstances provided in (A)(10).