In the Matter of the UNSUPERVISED ESTATE OF Martha H. HARRIS, Deceased.

**Kathy L. Wininger, Executrix, Appellant,**

v.

**Pauline A. Giles, Appellee.**

No. 59A01–0702–CV–79.

Court of Appeals of Indiana.

Nov. 26, 2007.

James C. Tucker, Jennifer Tucker Young, Tucker and Tucker, P.C., Paoli, IN, Attorneys for Appellant.

Arthur L. Dillard, Paoli, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Kathy Wininger, the executrix of the Estate of Martha Harris ("the Estate"), filed a petition in the Orange Circuit Court alleging that Pauline Giles had converted a certificate of deposit belonging to the Estate. After a hearing, the trial court determined that Giles was the rightful owner of the certificate of deposit. Wininger appeals and raises two issues for our review, but we address only the following dispositive issue: whether under Indiana Code Section 34–45–2–4 ("the Dead Man's Statute") Giles was precluded from testifying at the hearing.

We reverse and remand for proceedings consistent with this opinion.

### FACTS AND PROCEDURAL HISTORY

Martha Harris died on April 21, 2006. Prior to her death, Harris purchased a certificate of deposit ("CD"), which was made payable on death to Giles. Harris had also named Giles as her attorney-in-fact. On January 27, 2005, Harris changed the CD so that it was owned solely by Harris, and she revoked Giles's power of attorney. However, the next day, Harris executed another power of attorney naming Giles as her attorney-in-fact. On May 2, 2005, Giles executed a new consumer time deposit signature card naming Harris as owner of the CD, but payable on death to Giles. On July 11, 2005, Harris executed her last will and testament naming Wininger and her husband as beneficiaries of ninety percent of the estate.[1]

Wininger, the executrix of the Estate, filed a petition for probate of will without administration shortly after Harris's death. On September 28, 2006, Wininger petitioned the court to adjudicate the rights of the Estate and Giles with respect to the CD and to determine that the Estate was entitled to ownership. Specifically, the petition alleged that, because Giles "had a Power of Attorney and was under a fiduciary obligation, the purported transfer to herself on death is void and ineffectual and is a conversion of estate personal property...." Appellant's App. at 15–16.

---

1. The remaining ten percent was gifted to the Billy Graham Evangelistic Association.

The trial court held a hearing on November 30, 2006. Citing the Dead Man's Statute, Wininger objected to Giles's testimony at the hearing. The court overruled the objection and Giles testified that she and Harris were together every time they "changed the CD[ ]," which was a gift for the care Giles provided to Harris. Transcript at 24. But Wininger testified that Harris did not want Giles to receive anything upon her death, stating that "[Harris] told me to make sure that [Giles] received nothing." Appellant's App. at 101.

In its order dated January 22, 2007, the trial court determined that "[t]here was a gift made of the Certificate of Deposit from Martha Harris to Pauline Giles. That gift was an inter vivos transfer and passed ownership to Ms. Giles outside of the Estate." Id. at 3–4. Further, the court concluded, "[t]he Certificate of Deposit was gift in prasenti of a contingent contractual right and Pauline A. Giles rights [sic] to the Certificate of Deposit is absolute, there being no evidence or allegations that she received those rights by fraud, duress or under [sic] influence." Id. at 4. The court then declared that Giles "is the rightful owner of the Monroe Bank Certificate of Deposit numbered 15000399." Id. This appeal ensued.

### DISCUSSION AND DECISION

■ Wininger contends that the trial court erroneously considered Giles's testimony in violation of the Dead Man's Statute. We review a trial court's ruling on witness competency for an abuse of discretion. Kalwitz v. Estates of Kalwitz, 759 N.E.2d 228, 232 (Ind.Ct.App.2001), trans. denied. An abuse of discretion occurs either when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or the court misinterprets the law. See,

e.g., Am. Family Ins. Co. v. Ford Motor Co., 857 N.E.2d 971, 973 (Ind.2006).

The Dead Man's Statute provides in pertinent part as follows:

(a) This section applies to suits or proceedings:

(1) in which an executor or administrator is a party;

(2) involving matters that occurred during the lifetime of the decedent; and

(3) where a judgment or allowance may be made or rendered for or against the estate represented by the executor or administrator.

\* \* \*

■ (d) Except as provided in subsection (e), a person:

(1) who is a necessary party to the issue or record; and

(2) whose interest is adverse to the estate;

is not a competent witness as to matters against the estate.

Ind.Code § 34–45–2–4 (2004). The purpose of the statute "is to protect decedents' estates from spurious claims." In re Estate of Lambert, 785 N.E.2d 1129, 1132 (Ind.Ct.App.2003). The Dead Man's Statute "guards against false testimony by a survivor by establishing a rule of mutuality, wherein the lips of the surviving party are closed by law when the lips of the other party are closed by death." Id. The application of the statute is limited to circumstances in which the decedent, if alive, could have refuted the testimony of the surviving party. Kalwitz, 759 N.E.2d at 232.

■■ Under the Dead Man's Statute, a witness is incompetent to testify when: (1) an administrator or executor is a party, or one of the parties is acting in the capacity of an administrator or executor; (2) the

action involves matters that occurred during the lifetime of the decedent; (3) a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator; (4) the witness is a necessary party to the issue and not merely a party to the record; and (5) the witness is adverse to the estate and testifies against the estate. *Morfin v. Estate of Martinez*, 831 N.E.2d 791, 798 (Ind.Ct.App.2005). "An adverse interest that would render a witness incompetent is one by which the witness will gain or lose by the direct, legal operation of the judgment. 'The interest must be real, present, certain, and vested; a bias or sentiment is not sufficient to cause a witness to be incompetent.'" *Id.* (quoting *Senff v. Estate of Levi*, 515 N.E.2d 556, 558 (Ind.Ct. App.1987), *trans. denied*).

■■■ Under the five requirements stated in *Morfin*, Giles is not a competent witness against the Estate. First, Wininger, as executrix of the Estate, brought the action alleging that Giles had converted personal property of the Estate. Second, the alleged conversion, changing the ownership of the CD at issue from one solely owned by Harris to one payable on death to Giles, occurred during Harris' lifetime. Third, in bringing the action Wininger sought a judgment for the Estate she represented and against Giles. Fourth, Giles was a necessary party to her alleged conversion of the CD. And fifth, it is undisputed that Giles's interest in the CD was adverse to the Estate and that she testified against the Estate.[2] *See id.*

Accordingly, the trial court abused its discretion when it considered Giles's testimony. Because the court relied substantially upon Giles's testimony in rendering its decision, we reverse and remand this case to the trial court. On remand, the court is instructed to hold a new hearing on Wininger's petition.[3]

Reversed and remanded for proceedings consistent with this opinion.

MATHIAS, J., and BRADFORD, J., concur.

---

2. However, because Wininger's testimony that "[Harris] told me to make sure that [Giles] received nothing," is not adverse to the Estate, that testimony is admissible under the Dead Man's Statute. *See, e.g., Morfin*, 831 N.E.2d at 800; *see also* Appellant's App. at 101.

3. Because we remand for a new hearing, we need not address the second issue raised by Wininger on appeal, namely, whether Giles engaged in self-dealing when she changed the CD from one solely owned by Harris to one that was payable on Harris's death to Giles.