**MIDWEST BIOHAZARD SERVICES, LLC, Appellant–Plaintiff,**

v.

**Hugh H. RODGERS and The Hugh C. Rodgers Trust, Appellees–Defendants.**

No. 41A05–0805–CV–290.

Court of Appeals of Indiana.

Sept. 22, 2008.

Thomas N. Mote, Lawson Pushor Moté & Gamso, LLC, Columbus, IN, Attorney for Appellant.

Christa L. Rose, Montgomery, Elsner & Pardieck, LLP, Seymour, IN, Attorney for Appellees.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Plaintiff, Midwest Biohazard Services, LLC (Biohazard), appeals the trial court's Order of dismissal of its claim to foreclose on a mechanic's lien and Order transferring its remaining claim to Jackson County.

We reverse and remand for further proceedings.

## *ISSUES*

Biohazard raises two issues for our review, which we restate as:

(1) Whether the trial court erred when dismissing Biohazard's claim to foreclose on its mechanic's lien; and

(2) Whether the trial court erred by transferring the remaining claims to Jackson County.

## *FACTS AND PROCEDURAL HISTORY*

On October 5, 2001, Hugh C. Rodgers (Father) conveyed his residence in Johnson County, Indiana, to The Hugh C. Rodgers Trust (Trust) but remained living there. Sometime in 2007, Father died in his residence. His body was not found for several days. The body decomposed allowing fluids to seep from his body into and through the carpet and sub-flooring, down into the basement. The decomposition of the body caused contaminants to be absorbed throughout the house.

Father's son, Hugh H. Rodgers (Son), contacted John Ward, a specialist for Biohazard, to obtain an estimate for the removal and disposal of biohazard waste caused by the decomposition of Father's body. Biohazard developed an estimate for services with a price of $13,500, and on September 21, 2007, executed a contract with Son who paid $1,150 as a deposit for Biohazard's services. On September 24, 2007, Biohazard began the work, but after several days of performing decontamination services, Son made Biohazard aware that he did not intend to pay for Biohazard's work.

On October 10, 2007, Biohazard filed a notice of its intention to hold a mechanic's lien with the Recorder of Johnson County. On December 19, 2007, Biohazard filed a

Complaint to foreclose on the mechanic's lien. Attached to Biohazard's Complaint was a service estimate from Biohazard to Son. (Appellant's App. p. 7). The work description for the estimate included removal of carpet and pad in the hallway, living room, and dining room; cleaning and disinfecting the ceiling, walls, and floors throughout home; and cleaning and disinfecting the concrete floor in basement. (Appellant's App. p. 7). On January 16, 2008, Son and Trust (collectively the Appellees) jointly filed a motion to dismiss a portion of Biohazard's Complaint pursuant to Indiana Trial Rule 12(B)(6), arguing that to the extent it sought a mechanic's lien, Biohazard was not entitled to a mechanic's lien based on the services that it provided. That same day, the Appellees jointly filed a motion to transfer Biohazard's remaining claim based on the premise that if the portion of Biohazard's Complaint which sought to foreclose on a mechanic's lien was dismissed, preferred venue for the remaining claim would be Jackson County where Son resides and where the Trust is administered. On February 15, 2008, Biohazard responded to the Appellees' joint motion to dismiss and motion to transfer. On April 23, 2008, the trial court issued its Order dismissing Biohazard's claim to foreclose on its mechanic's lien and transferring the case to Jackson County.

Biohazard now appeals. Additional facts will be provided as necessary.

## *DISCUSSION AND DECISION* [1]

### I. *Standard of Review*

 The trial court concluded that Biohazard had failed to state a claim upon

---

1. Biohazard argues in its Appellant's Brief that the trial court erred by not treating the Appellees' motion to dismiss as a motion for summary judgment because of an affidavit that it submitted along with its February 15, 2008 response. However, Biohazard did not

which relief could be granted when it sought to foreclose on its mechanic's lien. A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of the claim, not the facts supporting it. *Thompson v. Vigo County Bd. of County Comm'rs*, 876 N.E.2d 1150, 1152 (Ind.Ct.App.2007), *trans. denied.* Therefore, our review of a trial court's grant or denial of a motion based on Indiana Trial Rule 12(b)(6) is *de novo. Id.* When reviewing a motion to dismiss, we view the pleadings in the light most favorable to the non-moving party, with every reasonable inference construed in the non-movant's favor. *Id.* A complaint may not be dismissed for failure to state a claim upon which relief can be granted unless it is clear on the face of the complaint that the complaining party is not entitled to relief. *Id.*

## II. *Mechanic's Lien*

■ Biohazard argues that the trial court erred by dismissing its claim to foreclose on its mechanic's lien. Specifically, Biohazard contends that the services it has allegedly provided for the Appellees were repairs that fall within the scope of our mechanic's lien statute. The Appellees respond by arguing that the services allegedly performed by Biohazard were merely cleaning services, and, therefore, fall outside the scope of our mechanic's lien statute.

■ Our mechanic's lien statute, provides in pertinent part:

A contractor ... or any other person performing labor or furnishing materials ... for ... the ... repair ... of ... a house ... may have a lien as set forth in this section. [ ]A person described [above] may have a lien separately or jointly [ ] upon the house ... that person ... repaired ... or [ ]for which the person furnished materials ... of any description; and [ ]on the interest of the owner of the lot or parcel of land [ ]on which the structure or improvement stands ... to the extent of the value of any labor done or the material furnished, or both.

I.C. § 32–28–3–1. Because our mechanic's lien statute "derogates common law, Indiana courts have strictly construed it when determining its scope, and, accordingly, those persons entitled to acquire and enforce such liens." *Haimbaugh Landscaping, Inc. v. Jegen*, 653 N.E.2d 95, 99 (Ind.Ct.App.1995), *reh'g denied, trans. denied.* Any mechanic's lien claimant has the burden to prove that his or her claim is within the scope of the statute. *Id.* Once a claimant has met this burden, we give the statute liberal construction so as to accomplish the statute's remedial purpose. *Id.* Our supreme court expressed the purpose of this statute in *Moore–Mansfield Construction Co., v. Indianapolis, New Castle & Toledo Railway Co.*, 179 Ind. 356, 372, 101 N.E. 296, 302 (1913), as follows:

The mechanics' lien laws of America, in general, reveal the underlying motive of justice and equity in dedicating, primarily, buildings and the land on which they are erected to the payment of the labor and materials incorporated, and which have given to them an increased value. The purpose is to promote justice and honesty, and to prevent the inequity of an owner enjoying the fruits of the labor

---

raise this issue to the trial court. "A party generally waives appellate review of an issue or argument unless the party raised that issue or argument before the trial court." *GKC Indiana Theatres, Inc. v. Elk Retail Investors,* *LLC.,* 764 N.E.2d 647, 652 (Ind.Ct.App.2002); *see also Hoagland v. Town of Clear Lake Bd. of Zoning Appeals,* 873 N.E.2d 61, 65 n. 2 (Ind. Ct.App.2007). Therefore, we conclude that Biohazard has waived this argument.

and materials furnished by others, without recompense.

There is no dispute as to whether Biohazard is a contractor or any other person performing labor as required by our mechanic's lien statute; the only dispute is whether Biohazard performed tasks that would qualify for treatment under the statute. The trial court determined that "[Biohazard] is not entitled to a mechanic's lien for the cleaning services it alleges to have rendered at the real estate owned by [Trust]." (Appellant's App. p. 82).

■■■ The word "repair" has not been defined in the mechanic's lien statute. Undefined words in a statute are given their plain, ordinary, and usual meaning. *State v. DMZ,* 674 N.E.2d 585, 588 (Ind. Ct.App.1996); I.C. § 1–1–4–1(1). Courts may consult English language dictionaries to ascertain the plain and ordinary meaning of a statutory term. *DMZ,* 674 N.E.2d at 588. The word "repair" has been defined in part as "to restore by replacing a part or putting together what is torn or broken." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1923 (2002). This meaning of "repair" would not fit any of the activities allegedly performed by Biohazard. However, "repair" is also defined as "to restore to a sound healthy state." *Id.* The decontamination of the house performed by Biohazard clearly meets this latter definition of "repair," and we see no reason why the plain, ordinary, and usual meaning of repair would exclude restoring property "to a sound healthy state," as well as restoring by "replacing a part or putting together what is torn or broken." *Id.*

■■■ Moreover, we must acknowledge the purpose of our mechanic's lien statute, which focuses largely on whether the activities performed upon the property increased the value of that property. *See Moore–Mansfield Construction Co.,* 179 Ind. at 372, 101 N.E. at 302. It takes no stretch of the imagination to recognize that a buyer would be willing to pay more for a house that was free from biohazard contaminants than she would be willing to pay for the same house in a contaminated state. As such, the services allegedly performed, the removal of biohazard contaminants from the house, undoubtedly increased the value of the house. Thus, we conclude that Biohazard has stated a claim upon which relief can be granted, and the trial court improperly granted the Appellees' motion to dismiss.

### III. *Transfer to Jackson County*

Biohazard argues that because the trial court erred in dismissing its claim to foreclose on its mechanic's lien, the trial court consequently erred by concluding that preferred venue should be transferred to Jackson County.[2] We agree.

■■■ A complaint may be filed in any county in Indiana, but if the complaint is not filed in a county of preferred venue, the court must transfer the case to a preferred venue upon the proper request from a party. *American Family Ins. Co. v. Ford Motor Co.,* 857 N.E.2d 971, 973–74 (Ind.2006); *see also* T.R. 75. There is no priority among the subsections creating preferred venue. *Id.* If the complaint is filed in a county of preferred venue, the trial court has no authority to transfer the case based solely on preferred venue in one or more other counties. *Id.*

---

**2.** Biohazard's Appellant's Brief provides no citation to any authority stating Indiana's law regarding proper and preferred venue. We remind counsel for Biohazard that Ind. Appellate Rule 46(A)(8)(a) requires that each contention in the argument section must be supported by citation to authorities and statutes.

Here, the trial court relied solely upon the dismissal of Biohazard's claim seeking to foreclose upon a mechanic's lien to conclude that preferred venue was not in Johnson County, but in Jackson County, where Son resides and the Trust is administered. However, we have concluded that the trial court erred when it dismissed Biohazard's claim to foreclose upon its mechanic's lien, and preferred venue for a mechanic's lien claim is in the county where the property is located. *See Ford v. Culp Custom Homes, Inc.,* 731 N.E.2d 468, 473 (Ind.Ct.App.2000), *trans. denied; see also* I.C. § 32–28–3–10 ("A lien is void if . . . [t]he owner or holder of the lien fails to file an action to foreclose the lien in the county where the property is located not later than thirty (30) days after receiving the notice.") Therefore, the trial court erred when it transferred the case to Jackson County.

## CONCLUSION

Based on the foregoing, we conclude that the trial court erred when it dismissed Biohazard's claim to foreclose on its mechanic's lien, and additionally erred when it transferred the case to Jackson County.

Reversed and remanded.

BAILEY, J., and BRADFORD, J., concur.