**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**LAWRENCE M. REUBEN**
Law Offices of Lawrence M. Reuben
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**JEREMY J. GROGG**
**SHANE C. MULHOLLAND**
Burt Blee Dixon Sutton & Bloom, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD B. GONON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No.  49A04-1111-CC-576 |
| | ) | |
| WRIGHT & LERCH, DAVID M. WRIGHT, | ) | |
| STEPHEN J. LERCH, WILLIAM C. BUTLER, | ) | |
| And STEPHEN J. SHUMLAS, | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable S.K. Reid, Judge
Cause No.  49D14-1107-CC-28167

**July 3, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Judge**

## STATEMENT OF THE CASE

Richard B. Gonon appeals the trial court's order granting the motion to transfer venue filed by Wright & Lerch, David M. Wright, Stephen J. Lerch, William C. Butler, and Stephen J. Shumlas (collectively, "the Defendants"). The Defendants request appellate attorney fees.

We affirm the trial court's judgment and deny the Defendants' request for appellate attorney fees.

## ISSUES

Gonon raises the following issue:

> Whether the trial court erred by granting the Defendants' motion to transfer venue.

The Defendants raise the following issue:

> Whether the Defendants are entitled to appellate attorney fees under Indiana Appellate Rule 66(E).

## FACTS

On July 22, 2011, Gonon, who is an attorney, filed, in Marion Superior Court, a complaint against the Defendants, naming the law firm of Wright & Lerch as well as attorneys Wright, Lerch, Butler, and Shumlas in their individual capacities. The law firm's principal place of business is Allen County, and all the named attorneys reside in Allen County. In his complaint, Gonon raised claims of tortuous interference with his

2

contractual relationship with a client and uncompensated taking of his property (attorney fees) without due process.[1]

On August 19, 2011, the Defendants filed a motion to transfer venue, pursuant to Indiana Trial Rule 75, alleging that Marion County was an improper venue and that Allen County was the county of preferred venue because the defendant law firm's sole and principal office was in Allen County and because all individual defendants resided in Allen County.

On September 6, 2011, Gonon filed an amended complaint. In his amended complaint, Gonon added that his residence was Marion County.

The trial court held a hearing on the Defendants' motion to transfer venue on October 19, 2011.[2] That same day, the trial court granted the Defendants' motion to transfer venue and ordered the case transferred to Allen County, which the trial court determined was the preferred venue under Trial Rule 75.

Thereafter, Gonon filed a motion to reconsider and a motion to stay, and the trial court denied both motions. Gonon then timely filed a notice of appeal[3] and filed with this court a motion to stay, which this court granted.

---

[1] In his complaint, Gonon asserted that he had represented a medical collections company in numerous small claims cases in two townships in Marion County, and he alleged that the Defendants filed motions to substitute them as counsel on behalf of the medical collections company and to remove Gonon as counsel in all of the small claims cases in which he appeared as counsel for the medical collections company.

[2] The transcript from the hearing on the motion to transfer venue is not in the record on appeal because Gonon did not request it in his notice of appeal.

[3] Gonon's appeal is an interlocutory appeal of right under Indiana Appellate Rule 14(A)(8).

## DECISION

1. <u>Motion to Transfer Venue</u>

Gonon appeals the trial court's order granting the Defendants' motion to transfer venue to Allen County.

Indiana Trial Rule 75 governs venue requirements. *Am. Family Ins. Co. v. Ford Motor Co.*, 857 N.E.2d 971, 973 (Ind. 2006). Trial Rule 75(A) contains ten subsections, each setting forth criteria establishing "preferred" venue. *Id.* at 973–74. "A case or complaint may be filed in any Indiana county, but if the complaint is not filed in a preferred venue, the trial court is required to transfer the case to a preferred venue upon the proper request from a party." *Id.* at 974. Trial Rule 75 does not create a priority among the subsections establishing preferred venue. *Id.* "If the complaint is filed in a county of preferred venue, the trial court has no authority to transfer the case based solely on preferred venue in one or more other counties." *Id.*

Factual findings linked to a trial court's ruling on a motion under Indiana Trial Rule 75(A) are reviewed under a clearly erroneous standard and rulings of law are reviewed de novo. *Id.* at 973. If factual determinations are based on a paper record, they are also reviewed de novo. *Id.*

Despite the fact that the trial court granted the motion to transfer venue after determining that Allen County was the preferred venue under Trial Rule 75, Gonon asserts that "this case is not about T.R. 75; it is about T.R. 15(A)." Gonon's Reply Br. at 1. He claims that a determination of what county is the preferred county for venue is not the issue in this appeal and that he "will not be drawn into a fight over T.R. 75 and issues

4

of venue when the dispute is over the effect of a T.R. 15(A) Amended Complaint." Gonon's Reply Br. at 1.

Thus, Gonon makes absolutely no argument that the trial court erred in its determination that Allen County is the preferred venue. Instead, Gonon's sole argument on appeal is that the trial court erred by granting the Defendants' motion to transfer venue because the motion to transfer venue was "superceded" and became "moot" by the filing of his amended complaint, which he asserts he was allowed to do as a matter of course under Trial Rule 15(A).[4] Gonon's Br. at 3. In other words, Gonon's claim of trial court error relating to the grant of the motion to transfer venue is an allegation of procedural error (i.e., the trial court was procedurally precluded from reviewing and ruling on the Defendants' motion to transfer based on the filing of his amended complaint), not a substantive error (i.e., the trial court erred by determining that Allen County was the preferred venue). Accordingly, we limit our review to his claim of procedural error.

Because the transcript is not part of the record on appeal, it is unclear if Gonon made this procedural argument to the trial court when the parties had a hearing on the motion to transfer venue. Assuming that he did, we cannot agree that the trial court erred by granting the Defendants' motion to transfer venue based on the mere fact that he had filed an amended complaint.

---

[4] It is unclear why, but Gonon spends the majority of his appellate argument belaboring the fact that he was allowed to amend his complaint "as a matter of course" under Trial Rule 15(A) because the Defendants had not filed a responsive pleading. Gonon's ability to amend his complaint is not disputed on appeal, and, seemingly, was not disputed at the trial court level.

Gonon's argument of procedural error is based on the following footnote[5] in *Anderson v. Anderson*, 399 N.E.2d 391, 406, n.30 (Ind. Ct. App. 1979): "[A]n amended pleading replaces the original pleading for all purposes . . . . Thus[,] when a party amends a pleading after a successful challenge, the original pleading is superseded . . . ." Based on this footnote, Gonon argues that his amended complaint "replaced" the Defendants' motion to transfer venue. Gonon's Br. at 3. Specifically, he contends that "at the moment [Gonon] filed his First Amended Complaint[,] the Defendants' Motion [to transfer venue] was superceded and of no force or effect." Gonon's Br. at 4.

Gonon's logic is flawed. *Anderson* explains that the filing of an amended pleading replaces the original pleading filed by the same party, not a prior pleading filed by another party. *Anderson*, 399 N.E.2d at 406, n.30. Thus, the filing of Gonon's amended complaint superceded and replaced his own original complaint, not the Defendants' motion to transfer venue. *See id.* Because Gonon's amended complaint replaced Gonon's original complaint and had no preclusory effect on the Defendants' motion to transfer venue, the trial court did not procedurally err by reviewing the Defendants' motion to transfer venue to Allen County.[6]

---

[5] In his pinpoint cite to the *Anderson* case, Gonon failed to include any citation to the footnote.

[6] Indeed, even if Gonon's arguments were successful and the Defendants' motion to transfer venue was somehow replaced by his amended complaint, Gonon makes no argument that his amended complaint remedied the arguments set forth in the Defendants' motion to transfer venue or that the Defendants would not be able to refile their motion to transfer venue. Thus, the practical effect would be that Gonon would be in the same situation as he was prior to the filing of his amended complaint – facing the Defendants' motion to transfer venue to Allen County.

6

2. <u>Appellate Attorney Fees</u>

The Defendants request appellate attorney fees pursuant to Indiana Appellate Rule 66(E). The Defendants assert that they are entitled to appellate attorney fees because Gonon presented an appellate argument that had "absolutely no supporting authority" and because "it is apparent that Gonon is simply attempting to delay the inevitable through the filing of this Appeal." Defendants' Br. at 11.

Indiana Appellate Rule 66(E) provides, in relevant part, that this court "may assess damages if an appeal . . . is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorney's fees." The discretion to award attorney fees under Appellate Rule 66(E) is limited to instances "when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Thacker v. Wentzel*, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003). Additionally, while Appellate Rule 66(E) provides us with discretionary authority to award attorney fees on appeal, "we must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal." *Id.* "A strong showing is required to justify an award of appellate damages, and the sanction is not imposed to punish mere lack of merit, but something more egregious." *Poulard v. Laporte County Election Bd.*, 922 N.E.2d 734, 737-38 (Ind. Ct. App. 2010).

This court has categorized claims for appellate attorney fees under Appellate Rule 66(E) as "procedural" and "substantive" bad faith claims. *Kelley v. Med-1 Solutions, LLC*, 952 N.E.2d 817, 831 (Ind. Ct. App. 2011), *trans. denied*. A procedural bad faith claim occurs when a party flagrantly disregards the requirements of the appellate rules,

7

omits and misstates relevant facts appearing in the record, and files briefs "written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court." *Id.* (internal quotation marks and citation omitted). While Gonon failed to provide a pinpoint cite on one of his cases, we cannot say that his act was so flagrant or significant as to warrant the imposition of appellate attorney fees.

A substantive bad faith claim is one that is utterly devoid of all plausibility. *Id.* "Substantive bad faith implies the conscious doing of wrong because of dishonest purpose or moral obliquity." *Id.* (internal quotation marks and citation omitted). Although Gonon's argument on appeal did not prevail, there is no indication that his appeal was filed with the purpose of delay or that the appeal was permeated with bad faith. We, therefore, deny the Defendants' request for appellate attorney fees.

In conclusion, the trial court did not commit procedural error by reviewing and ruling on the Defendants' motion to transfer venue. We also deny the Defendants' request for appellate attorney fees. Finally, we lift the stay previously granted by this court and remand to the trial court to transfer venue of this case to Allen County.

Affirmed.

NAJAM, J., and RILEY, J., concur.