# FOR PUBLICATION



FILED
Jun 25 2014, 10:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**GEORGE W. LOY**
Monticello, Indiana

ATTORNEY'S FOR APPELLEE:

**JON LARAMORE**
**MATTHEW T. ALBAUGH**
**DANIEL E. PULLIAM**
Faegre Baker Daniels LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WHITE COUNTY BOARD OF COMMISSIONERS, | ) | |
| | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 08A04-1401-MI-17 |
| | ) | |
| Y.M.C.A. CAMP TECUMSEH, INC., | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE CARROLL CIRCUIT COURT
The Honorable Kurtis G. Fouts, Judge
Cause No. 08C01-1308-MI-18

**June 25, 2014**

**OPINION - FOR PUBLICATION**

**FRIEDLANDER, Judge**

The White County Board of Commissioners (the White County Board) brings an interlocutory appeal of the trial court's denial of the White County Board's motion to transfer venue from Carroll County to White County. As the sole issue on appeal, the White County Board argues that the trial court erred in determining that Carroll County is a preferred venue in this case.

We reverse and remand.

On July 1, 2013, the White County Board enacted Ordinance No. 562-13 (the Ordinance), approving the rezoning of a seven-acre tract of land in White County from general agriculture to agricultural industry.[1] The Ordinance authorizes housing more than 9000 hogs in a confined feeding operation, with millions of gallons of associated manure, on these seven acres.

Y.M.C.A. Camp Tecumseh, Inc. d/b/a Camp Tecumseh (the Camp) is located in Carroll County but on the county line, adjacent to the seventy-five-acre parcel that contains the seven acres of rezoned property in White County. On July 31, 2013, the Camp filed a petition for judicial review and stay of zoning decision against the White County Board. The Camp filed the action in the Carroll Circuit Court. The White County Board then filed a motion to dismiss, alleging among other things that Carroll County was not a proper venue. Thereafter, the Camp amended its petition, and the White County Board amended its motion to dismiss.

---

[1] The parties both incorrectly state that seventy-five acres of land was rezoned. On the contrary, only a seven-acre tract of land out of the northwest corner of an approximately seventy-five-acre parcel was rezoned.

2

On November 14, 2013, the Carroll Circuit Court held a hearing on the motion to dismiss and the request to transfer venue of the cause to White County. After taking the matter under advisement, the trial court issued an order on December 20, 2013. The court granted the motion to dismiss as to one claim, leaving intact only the Camp's alternative claim for judicial review of the Ordinance under the Uniform Declaratory Judgment Act.[2]

Further, the court denied the White County Board's motion to transfer venue pursuant to Indiana Trial Rule 75. The court found, "the Courts of Carroll County are a preferred venue because the Petitioners [sic] reside in Carroll County." *Appellant's Appendix* at 7. The White County Board appeals the venue determination as an interlocutory appeal as a matter of right pursuant to Indiana Appellate Rule 14(A)(8).

The White County Board argues that the trial court improperly denied its motion to transfer the cause to White County, a county of preferred venue. Motions to transfer venue are governed by T.R. 75. "We review factual findings on an appeal from a ruling on a motion for transfer of venue for clear error, with conclusions of law reviewed de novo". *Salsbery Pork Producers, Inc. v. Booth*, 967 N.E.2d 1, 4 (Ind. Ct. App. 2012) (citing *Am. Family Ins. Co. v. Ford Motor Co.,* 857 N.E.2d 971, 973 (Ind. 2006)). "If factual determinations are based on a paper record, they are also reviewed de novo." *Am. Family Ins. Co. v. Ford Motor Co.,* 857 N.E.2d at 973.

A case may be commenced in any Indiana county, but if the complaint is not filed in a preferred venue, the trial court is required to transfer the case to a preferred venue upon

---

[2] Ind. Code Ann. § 34-14-1-1, *et seq*. (West, Westlaw current with all legislation of the 2nd Regular Session of the 118th General Assembly (2014) with effective dates through May 1, 2014).

a proper request from a party. *Am. Family Ins. Co. v. Ford Motor Co.,* 857 N.E.2d 971. T.R. 75 contains ten subsections, each setting forth criteria establishing preferred venue. *Id.* The rule does not create priority among the subsections, and if the complaint is filed in a county of preferred venue, then the trial court has no authority to transfer the case based solely on the existence of preferred venue in another county. *Id.*

Although not entirely clear, it appears that the trial court relied on T.R. 75(A)(5) when it denied the White County Board's motion to transfer venue.[3] In denying the transfer motion, the trial court noted that the Camp "reside[s]" in Carroll County. *Appellant's Appendix* at 7. The Camp, however, does not seriously dispute that T.R. 75(A)(5) is inapplicable here because the Camp is a corporation, not an individual plaintiff. *See RJR Nabisco Holdings, Corps. v. Dunn*, 657 N.E.2d 1220, 1223 (Ind. 1995) (construing the word "individual" as used in T.R. 75(A) to mean "a natural person as distinguished from an organization or other artificial person").

Both parties focus their appellate argument on T.R. 75(A)(2), which provides for preferred venue in:

> the county where the land…is located…if the complaint includes a claim for injuries thereto or relating to such land…including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for which in rem relief is or would be proper.

---

[3] This subsection of the rule provides for preferred venue in:
*the county where either one or more plaintiffs reside*, the principal office of a government organization is located, or the office of a governmental organization to which the claim relates or out of which the claim arose is located, if one or more governmental organizations are included as defendants in the complaint….
T.R. 75(A)(5) (emphasis supplied).

4

Pursuant to this subsection, "claims may be related to land and not necessarily be for injuries to the land." *Diesel Constr. Co., Inc. v. Cotten*, 634 N.E.2d 1351, 1353 (Ind. Ct. App. 1994).

The Camp contends that Carroll County is a preferred venue because the claim for judicial review relates to its land in Carroll County. In determining whether a claim relates to land we have stated:

> The proper test for the trial court to apply to determine whether a claim relates to the land under T.R. 75(A)(2) is whether a sufficient nexus exists between the land and the underlying action. Although the doctrine of *forum non conveniens* does not apply to intrastate venue, the same considerations of the reasonableness of the place of trial and the convenience to the parties and witnesses are inherent in T.R. 75(A)(2). Hence, the nexus test will be affected by such factors as, but not limited to, whether the acts giving rise to liability occurred there and whether examination of the site may be necessary to resolve the dispute.

*Id.* at 1354 (internal citation omitted).

The claim at issue here is one for judicial review of a rezoning ordinance. Accordingly, the trial court's review will be limited.

> Since rezoning is a legislative process, appellate review of a rezoning decision is limited to constitutionality, procedural soundness, and whether the decision was arbitrary and capricious. A reviewing court will not intervene in a local legislative process supported by some rational basis.

*Borsuk v. Town of St. John*, 820 N.E.2d 118, 122 (Ind. 2005) (citation omitted).

Though the Camp is clearly concerned about the anticipated future injury to its land in Carroll County[4] as a result of the rezoning, this does not change the nature of the suit. The Camp's cause of action is for judicial review of a White County ordinance rezoning

---

[4] The Camp contends that the anticipated odor from the proposed confined feeding operation "threatens Camp Tecumseh's existence in Carroll County." *Appellee's Brief* at 4.

5

White County land and will involve review of documents filed, proceedings held, and findings and decisions made only in White County. The Camp's judicial review action does not relate to land in Carroll County for purposes of T.R.75(A)(2).

Because Carroll County is not a county of preferred venue, the trial court erred by denying the motion for transfer of venue to White County. On remand, the Carroll Circuit Court is directed to grant the White County Board's motion to transfer.

Judgment reversed and remanded.

MATHIAS, J., and PYLE, J., concur.