## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Dec 31 2015, 10:24 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT
JESSE EADS

Jeffrey R. Mitchell
American Family Insurance
Indianapolis, Indiana

ATTORNEYS FOR APPELLANT
TOTAL IMAGE EXTERIORS, LLC

Grover B. Davis
James T. Flanigan
McClure McClure & Davis
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Nicholas C. Deets
Hovde Dassow & Deets LLC
Indianapolis, Indiana

ATTORNEY FOR AMICUS
CURIAE INDIANA TRIAL
LAWYERS ASSOCIATION

David L. Farnbauch
Sweeney Law Firm
Fort Wayne, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jesse Eads and<br>Total Image Exteriors, LLC<br>d/b/a TIE Tree Services,<br>*Appellants-Defendants,*<br><br>v.<br><br>Patrick Turner,<br>*Appellee-Plaintiff* | December 31, 2015<br><br>Court of Appeals Case No.<br>73A05-1505-CT-422<br><br>Appeal from the Shelby Superior Court<br><br>The Honorable R. Kent Apsley, Judge<br><br>Trial Court Cause Nos.<br>73D01-1503-CT-10<br>34D04-1501-CT-21 |

**Bailey, Judge.**

# Case Summary

[1] Appellants-Defendants Jesse Eads ("Eads") and Total Image Exteriors, LLC d/b/a TIE Tree Services ("TIE") bring an interlocutory appeal as of right,[1] challenging the order of the Shelby County Superior Court, upon a motion to correct error made by Appellee-Plaintiff Patrick Turner ("Turner"), to return a case to its origin, Howard County, as a county of preferred venue. We are presented with the sole issue of whether Howard County is a county of preferred venue because it is the county where TIE's principal office is located.[2] We affirm.

---

[1] Indiana Trial Rule 75(E) provides in relevant part: "An order transferring or refusing to transfer a case under this rule shall be an interlocutory order appealable pursuant to Appellate Rule 14(A)(8). Indiana Appellate Rule 14(A)(8) provides that "transferring or refusing to transfer a case under Trial Rule 75" is appealable as of right by filing a Notice of Appeal with the Clerk within thirty days after the notation of the interlocutory order in the Chronological Case Summary.

[2] Eads and TIE articulate an additional issue as to waiver, contending that Turner knowingly relinquished a known right to challenge the transfer to Shelby County by failing to timely file an objection to the motion of Eads and TIE to transfer to a county of preferred venue. The chronological case summary ("CCS") indicates that, on February 2, 2015, the trial court "gave Plaintiff 20 days to respond" to the motion. (App. at 2.) The Appendix includes an order, dated February 24, 2015, providing that the motion for transfer was granted and the case transferred to Shelby County. However, the Howard County CCS indicates that, on February 25, 2015, the cause was set for a case management conference on May 14, 2015 in Howard County. On February 26, 2015, counsel for Turner contacted the Howard County Superior Court, purportedly to advise that he had just received notice of the motion and that a response would be forthcoming. The response was filed on the same day. At the subsequent hearing on Turner's motion to correct error, conducted in Shelby County, counsel for TIE stated TIE's position that Turner had waived his right to oppose the venue transfer. However, no factual record was developed as to the circumstances surrounding the late filing. We will not speculate in this regard.

Moreover, the order on appeal is silent with respect to the claimed waiver. The order of the court states in relevant part: "The sole issue presented for the Court's consideration is Plaintiff's averment that the Howard Superior Court No. 4 improperly venued this case to Shelby County, Indiana." (App. at 8.) Given the brevity of the record, the bald allegation of waiver made by Eads and TIE does not provide independent grounds for the reversal of the interlocutory order of the trial court.

# Facts and Procedural History

In a complaint filed in the Howard County Superior Court on January 12, 2015, Turner alleged that he was bitten by a dog owned by Eads or TIE. The incident was alleged to have occurred in Shelby County, where Turner and Eads reside, and where TIE is headquartered.

On February 2, 2015, Eads and TIE filed a Motion for Transfer to County of Preferred Venue. On February 24, 2015, the motion was granted and the case was ordered to be transferred to Shelby County. On March 2, 2015, Turner filed a motion to correct error. He subsequently filed a motion to remand to Howard County. On April 20, 2015, a hearing was conducted in Shelby Superior Court No. 1. On April 22, 2015, the trial court issued an order returning the case to Howard County. This appeal ensued.

# Discussion and Decision

Trial Rule 75 governs venue requirements in Indiana. Each of its ten subsections sets forth criteria establishing "preferred venue." *American Family Ins. Co. v. Ford Motor Co.*, 857 N.E.2d 971, 973-74 (Ind. 2006). A case or complaint may be filed in any Indiana county; however, if the complaint is not filed in a preferred venue, the court is required to transfer the case to a preferred venue upon the proper request from a party. *Id.* at 974 (citing T.R. 75(A)). The rule does not create a priority among the subsections establishing preferred venue; thus, if the complaint is filed in a preferred venue, the trial court has no

authority to transfer the case based solely on preferred venue in one or more other counties. *Id.*

[5] Subsection (4) of the rule establishes preferred venue in the county where the principal office of a defendant organization is located. *Id.* Accordingly, if a case is filed in the county where the principal office of a defendant organization is located, transfer to another county on grounds of preferred venue would be inappropriate. *Id.*

[6] Here, there is no factual dispute; rather, the parties disagree as to what constitutes a principal office of a defendant domestic corporation. Rulings of law are reviewed de novo. *Id.* at 973. Turner filed his complaint in Howard County on the basis that the registered agent for TIE is in Howard County and thus the principal office of TIE is in Howard County. Eads and TIE moved to transfer to a county of preferred venue on the basis that TIE's principal office is in Shelby County, because that is where TIE has a physical presence.

[7] In ruling upon Turner's motion to correct error, the trial court observed that: "*American Family* … speaks directly to this issue." (App. at 12.) *American Family* involved an automobile insurer bringing a subrogation action against a vehicle manufacturer, Ford Motor Company ("Ford"), to recover damages from a vehicle fire. 875 N.E.2d at 972. The insured resided in Spencer County, where the fire occurred. Ford had no offices in Indiana but maintained its registered agent in Marion County pursuant to Indiana Code Section 23-1-24-1. American Family sued Ford in Marion County and Ford filed a motion to

transfer venue to Spencer County. Ford's motion was granted and American Family appealed. The Court of Appeals reversed, concluding that Marion County was a preferred venue under Trial Rule 75(A)(10). On transfer, the Indiana Supreme Court also concluded that Marion County was a preferred venue, but reached its conclusion on a different basis. Specifically, because Ford maintained a registered agent in Marion County, Ford's principal office in the State was in Marion County. *Id.* at 973.

[8] Eads and TIE argue that the rationale of *American Family* must be limited to foreign corporations and is not applicable to a domestic corporation such as TIE. We must disagree. Our Indiana Supreme Court explicitly identified the scope of its decision: "We hold that the term 'principal office' as used in subsections (4) and (10) of Trial Rule 75(A) refers to a domestic or foreign corporation's registered office in Indiana." *Id.* at 972. Thus, the Court succinctly included both foreign and domestic corporations in its holding.

[9] Nonetheless, Eads and TIE argue for our modification of the bright line rule. They argue that physical presence more accurately establishes a principal office of a corporation domiciled in Indiana than does the registered agent's address. They warn that litigation may frequently proceed in a forum that has no nexus to the case. We observe that it is the corporation who makes the election regarding its registered agent. Moreover, we will not disregard binding precedent for the sake of claimed convenience. *See Patton v. State*, 507 N.E.2d 624, 626 (Ind. Ct. App. 1987) ("We are obliged to follow precedents established by the Indiana Supreme Court"), *trans. denied*.

# Conclusion

Howard County, where Turner initially filed his complaint, is a preferred venue for the complaint. The Shelby County Superior Court did not err in ordering that the case proceed in Howard County.

Affirmed.

Vaidik, C.J., and Crone, J., concur.