Craig P. COFFMAN and Coffman
Proactive CPA Services, L.L.C.,
Appellants–Defendants,

v.

OLSON & COMPANY, P.C.,
Appellee–Plaintiff.

No. 53A04–0705–CV–252.

Court of Appeals of Indiana.

Aug. 20, 2007.

Richard W. Lorenz, Hickam & Lorenz, P.C., Spencer, IN, Attorney for Appellant.

Michael L. Carmin, Andrews, Harrell, Mann, Carmin & Parker, P.C., Bloomington, IN, Attorney for Appellee.

## OPINION—FOR PUBLICATION

NAJAM, Judge.

### STATEMENT OF THE CASE

Craig P. Coffman and Coffman Proactive CPA Services, L.L.C. ("Coffman Proactive") bring this interlocutory appeal from the trial court's order denying their request for transfer of venue. Coffman and Coffman Proactive raise a single issue for our review, namely, whether the court erred in denying their request.

We affirm.

### FACTS AND PROCEDURAL HISTORY

Coffman is a Certified Public Accountant who, prior to the instant litigation, worked for Olson & Company, P.C. ("Olson"), a Monroe County public accounting firm, for a number of years. As a condition of his employment with Olson, Coffman signed a Confidential Non–Disclosure and Client Proprietary Agreement ("Agreement") on August 1, 2005. The Agreement provided, among other things, that Coffman must not perform accounting services for any Olson client for two years following termination of his employment with Olson.

On August 7, 2006, Coffman formed Coffman Proactive. In Coffman Proactive's Articles of Organization, filed with the Indiana Secretary of State, Coffman listed the location of Coffman Proactive's principal office as 10381 Keith Road in Coal City, in Owen County. Coffman Proactive's principal office is at the same address as Coffman's residence. The name and address of Coffman Proactive's registered agent was Richard W. Lorenz at 10 South Main Street in Spencer, also in Owen County. On September 1, Coffman terminated his employment with Olson.

On November 13, Olson filed its complaint against Coffman and Coffman Proactive in the Monroe Circuit Court, alleging breach of the Agreement. On December 5, Coffman and Coffman Proactive filed a motion to transfer venue to Owen County. After a hearing, the court issued an order denying that motion, stating in relevant part:

Coffman Proactive appears to maintain an office in Monroe County at 501 N. Morton St., Suite 106AB 1, Bloomington, IN 47404. That address is on the Coffman Proactive website and on the Coffman Proactive stationery. Craig P. Coffman, the sole member of Coffman Proactive, meets with clients at that address. Mr. Coffman testified that he has only the right to use the conference room at that location, and to use it as a mailing address. The facility, called the InVenture office suite ["InVenture Office"], was designed to help start up businesses cut costs by sharing a facility. It is no doubt true that Coffman Proactive has only the nonexclusive right to use the facility, but Mr. Coffman has clearly designed the promotional materials of Coffman Proactive to make the facility appear to the world as an office with all the usual accoutrement of a professional office. The Coffman Proactive website reinforces the notion that Coffman Proactive is sited in Bloomington by listing Mr. Coffman's work with civic and charitable organizations in Monroe County, such as his service as the Treasurer of the Foundation of the Monroe County Community Schools Board and as Chair of the Seed Corp. Board, a Monroe County corporation. The website states that Mr. Coffman is involved in mentoring programs for students at the IU Kelley School of Business, located in Bloomington. Coffman Proactive lists its membership in the Greater Bloomington Chamber of

Commerce. The website lists connections with Owen County as well, but a person viewing the Coffman Proactive website would get the definite impression that Coffman Proactive was a business with either a primary location, or a strong presence[,] in Monroe County.

[Olson] points out that the Morton Street address is only [one-half] mile from its office where Mr. Coffman previously worked. Mr. Coffman stated that he schedules appointments and meets clients of Coffman Proactive at the Morton Street address. Mr. Coffman has met with three of [Olson's] clients at the Morton Street address. Mr. Coffman has met with about 20 clients at the Morton Street address. He has met with other [Olson] clients at other locations in Bloomington to solicit their business for Coffman Proactive. Having a Bloomington office and a presence in the Monroe County community, as claimed by Coffman Proactive in its promotional materials, would help Coffman Proactive solicit Plaintiff's Monroe County clients, which is the claim at issue in this case. Even though Coffman Proactive does not have the exclusive right to use the Bloomington office on Morton Street, it is nevertheless a Coffman Proactive office. It would exalt form over substance to ignore the connection of the Bloomington office to the claim at issue in this case.

It is not unfair to require defendants to respond to this lawsuit in Monroe County. Mr. Coffman created the impression that he had a Bloomington office, and his strong connections to Monroe County are set out in the Coffman Proactive materials. The court concludes that the Coffman Proactive office on Morton Street is an office to which the claim relates or out of which the claim arose.

Appellant's App. at 8–9. The court certified its order for interlocutory appeal, which we accepted.

## DISCUSSION AND DECISION

■ On appeal, Coffman and Coffman Proactive maintain that the trial court erred in denying their motion to transfer venue to Owen County. Indiana Trial Rule 75(A) governs venue requirements in Indiana. *Am. Family Ins. Co. v. Ford Motor Co.*, 857 N.E.2d 971, 973 (Ind.2006). Factual findings linked to a trial court's ruling on a motion under Trial Rule 75(A) are reviewed under a clearly erroneous standard and rulings of law are reviewed *de novo. Id.* Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences to support them. *Everhart v. Scott County Office of Family & Children*, 779 N.E.2d 1225, 1232 (Ind.Ct.App.2002), *trans. denied.* If factual determinations are based on a paper record, they are also reviewed *de novo. Am. Family Ins.*, 857 N.E.2d at 973.

■ Trial Rule 75(A) contains ten subsections, each setting forth criteria establishing "preferred" venue. *Id.* at 973–74 (citing Ind. Trial Rule 75(A)). A case or complaint may be filed in any county in Indiana, but if the complaint is not filed in a preferred venue, the court is required to transfer the case to a preferred venue upon the proper request from a party. *Id.* at 974 (citing T.R. 75(A)). The rule does not create a priority among the subsections establishing preferred venue. *Id.* (citing *Bostic v. House of James, Inc.*, 784 N.E.2d 509, 511 (Ind.Ct.App.2003), *trans. denied* ). If the complaint is filed in a county of preferred venue, then the trial court has no authority to transfer the case based solely on preferred venue in one or more other counties. *Id.*

■ Here, the controlling provision of Trial Rule 75(A) is subsection (4). That

subsection states that preferred venue lies in "the county where *either* the principal office of a defendant organization is located *or* the office . . . of a defendant organization or individual to which the claim relates or out of which the claim arose is located. . . ." T.R. 75(A)(4) (emphases added). In light of that subsection, Coffman and Coffman Proactive assert that they do not maintain an office in Monroe County and that their principal office is located in Owen County, which is, therefore, the preferred venue. We cannot agree.

As an initial matter, Coffman and Coffman Proactive's reliance on our Supreme Court's decision in *American Family Insurance* is misplaced. In that case, our Supreme Court held "that the term 'principal office' as used in subsections (4) and (10) of Trial Rule 75(A) refers to a domestic or foreign corporation's registered office in Indiana." *Am. Family Ins.*, 857 N.E.2d at 972. However, the complaint at issue in *American Family Insurance* was filed in the county in which the defendant organization's principal office was located. As such, the court did not discuss the relevance of its holding to situations where, as here, the complaint is filed in a county in which the defendant maintained a nonprincipal office. Thus, *American Family Insurance* is not on "all fours" with this case. *See* Appellant's App. at 42.

The trial court's finding that Coffman and Coffman Proactive maintain an office in Monroe County is not clearly erroneous. The InVenture Office is a nontraditional office. Coffman and Coffman Proactive have only a nonexclusive right to use that office, and "[n]o secretary, . . . no telephone, no filing cabinets, [and] no equipment was available at that site." Appellant's Brief at 8. But the trial court found that, "it is nevertheless a Coffman Proactive office." Appellant's App. at 9. We agree.

On behalf of Coffman Proactive, Coffman met with about twenty clients or potential clients at the InVenture Office. These meetings occurred at Coffman's invitation. Coffman Proactive's website and stationery listed the InVenture Office address as a business location. In a number of publications, Coffman advertised himself as "available by appointment" at the InVenture Office, and those advertisements were accompanied by a list of Coffman's work with civic organizations in Monroe County. Appellant's App. at 58–59, 66, 69.

Those facts distinguish Coffman's use of the InVenture Office from merely meeting with "prospective clients at Applebee's . . . [or] in the Indiana University Law Library in Bloomington." *See* Appellant's Brief at 8. And the fact that Coffman met with clients at the InVenture Office refutes his contention that that office served as "a mailing address only." *See id.* Coffman and Coffman Proactive held themselves out to the world as maintaining a business office in Monroe County. Their challenge on appeal is essentially a request for this court to reweigh the evidence, which we will not do. *See Everhart*, 779 N.E.2d at 1232. We cannot say that the trial court's conclusion that Coffman and Coffman Proactive maintained an office in Monroe County is clearly erroneous.

■ Finally, Coffman and Coffman Proactive assert that "[t]here seems to be an attempt here to go forward on the case and to try to give efficacy to the agreement that the parties reached." Appellant's Brief at 9. But that argument is misplaced. Rather, the trial court's observation that Coffman had met with three of Olson's clients, on behalf of Coffman Proactive and potentially in violation of the Agreement, was not an ultimate finding but was made in reference to the Trial Rule on preferred venue. Again, Trial Rule 75(A)(4) states that preferred venue

lies in "the county where ... the office ... of a defendant organization or individual *to which the claim relates or out of which the claim* arose is located." T.R. 75(A)(4) (emphasis added). Thus, the court's observation was merely to emphasize the "connection of the Bloomington office to the claim at issue in this case." Appellant's App. at 9. The record supports the trial court's determination and, thus, we cannot say that its conclusion was clearly erroneous.

Affirmed.

MATHIAS, J., and BRADFORD, J., concur.