PAINTERS DISTRICT COUNCIL 91, Appellant–Plaintiff,

v.

CALVERT ENTERPRISES ELECTRONIC SERVICES, INC., Appellee–Defendant.

No. 49A05–0812–CV–707.

Court of Appeals of Indiana.

May 21, 2009.

William R. Groth, Geoffrey S. Lohman, Fillenwarth Dennerline Groth & Towne, LLP, Indianapolis, IN, Attorneys for Appellant.

Douglas A. Welp, John C. Havill, Bamberger, Foreman, Oswald & Hahn, LLP, Evansville, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Painters District Council 91 ("Painters") appeals the trial court's order granting Calvert Enterprises Electronic Services, Inc.'s ("Calvert") motion to transfer venue.[1]

We reverse and remand.

### ISSUE

Whether the trial court erred in granting Calvert's motion to transfer venue.

---

1. We have jurisdiction over this interlocutory appeal pursuant to Indiana Appellate Rules 5(B) and 14(A)(8). Appellate Rule 5(B) provides that "[t]he Court of Appeals shall have jurisdiction over appeals of interlocutory orders under Rule 14." Appellate Rule 14(A)(8) provides for interlocutory appeal of right from an order transferring venue.

## FACTS

Painters is an unincorporated labor organization affiliated with the International Union of Painters and Allied Trades and represents members in Indiana, Kentucky and Tennessee. It consists of twelve local unions with offices throughout Indiana, as well as offices in Kentucky and Tennessee. Calvert is a Kentucky corporation with its principal place of business in Henderson, Kentucky.

On January 5, 2007, Stephen Shofstall, as Painters' business manager and secretary-treasurer ("BMST"), and Calvert entered into a service agreement (the "Agreement"), whereby Calvert would provide information technology ("IT") support to Painters for a period of sixty months. Pursuant to the Agreement, Painters agreed "to retain the services of [Calvert] through the length of th[e] Agreement with fees amounting to a minimum of ten (10) hours per week." (App.10). The Agreement provided that it could be terminated "with the consent of both parties with an agreed amount of compensation totaling a minimum equal to the payment of the fees for ten (10) hours for each remaining week of th[e] Agreement." *Id.* The Agreement did not specify where the IT work would be performed. The parties did not consent to venue in the Agreement.

On September 29, 2008, Painters filed a complaint for declaratory judgment against Calvert in Marion Superior Court. Painters asserted that its principal place of business is in Marion County, Indiana. It alleged that Shofstall, whose term expired on June 28, 2008, entered into the Agreement without authority. It also alleged that the Agreement was invalid because "it contained no agreement regarding the price of future services provided by Calvert and because it contained an unlawful and unenforceable penalty clause . . . ." *Id.* at 8. It further alleged that Calvert had breached the Agreement by providing unsatisfactory service.

Calvert filed its answer, denying, *inter alia*, that Painters' principal place of business is in Marion County. It also filed a counterclaim, alleging repudiation of the Agreement. Painters filed its answer to the counterclaim on November 17, 2008.

On October 24, 2008, Calvert filed a motion to transfer venue, seeking to transfer venue to Vanderburgh County. In its memorandum in support thereof, it asserted the following: 1) Painters "own website states that 'the main office of [Painters] is located at 409 Millner Industrial Drive, Evansville, IN,'" which is located in Vanderburgh County; 2) IUPAT's "website lists the main address for [Painters] as 409 Millner Industrial Drive, Evansville, IN 47710"; 3) Painters' letterhead indicates that its address is in Vanderburgh County; 4) the Agreement was executed at Painters' principal office in Vanderburgh County; 5) Calvert sent invoices to Painters' Vanderburgh County address; and 6) Calvert performed ninety percent of its services at the Vanderburgh County office. *Id.*

On November 17, 2008, Painters filed its opposition to Calvert's motion and a request for a hearing on the motion. It asserted that as of the date of the filing of its complaint, its principal office had been relocated to Marion County; this occurred after the election of a new BMST, Johnny Alderman, on June 28, 2008. Furthermore, it asserted that "most business functions and meetings of [Painters] were held in Indianapolis because of its central location, including staff meetings, delegate meetings, and social functions." *Id.* at 43. It maintained that the websites and stationery to which Calvert's motion referred were out-of-date and in the process of being updated. Citing to Trial Rule 75(A)(10), it further maintained that its

claim relates to the Marion County office as Calvert "performed work at multiple [Painters] offices under the Service Agreement," including the office in Marion County. *Id.* at 45.

In support of its opposition, Painters submitted the affidavit of Alderman, in which he averred that upon his election in June of 2008, he "made a decision to relocate the principal office of [Painters] from Evansville to Indianapolis" and that Painters' general secretary verbally approved this decision on June 30, 2008. *Id.* at 48. He also averred that after this decision was made, Painters ordered new stationery but "continue[d] to use the existing stock until" its depletion. *Id.* at 49.

On November 17, 2008, the trial court entered its order, granting Calvert's motion and transferring the case to Vanderburgh County. It also denied Painters' request for a hearing.

## DECISION

Painters asserts that the trial court abused its discretion in granting Calvert's motion to transfer venue from Marion County to Vanderburgh County. It contends that Marion County is the preferred venue pursuant to Trial Rule 75(A)(10).

Regarding the proper standard of review, our Supreme Court has held that factual "findings linked to a ruling on a motion under Rule 75(A) are reviewed under a clearly erroneous standard and rulings of law are reviewed de novo." *American Family Ins. Co. v. Ford Motor Co.*, 857 N.E.2d 971, 973 (Ind.2006). "Factual determinations based on a paper record, however, are reviewed de novo." *Id.* Here, the trial court did not make factual findings; rather, it summarily granted Calvert's motion.

Trial Rule 75 governs venue requirements in Indiana. It contains ten sub-

sections, each setting forth criteria establishing "preferred" venue. A case or complaint may be filed in any county in Indiana, but if the complaint is not filed in a preferred venue, the court is required to transfer the case to a preferred venue upon the proper request from a party. The rule does not create a priority among the subsections establishing preferred venue.

*Id.* at 973–74.

The county of the plaintiff's residence may not always produce the most convenient forum for nonresident defendants.... However, Trial Rule 75(A) does not always produce preferred venue at the most convenient location. It rather provides a number of grounds that can establish preferred venue.

*Id.* at 977.

Preferred venue may lie in more than one county. *Randolph County v. Chamness*, 879 N.E.2d 555, 557 (Ind.2008). If an action is filed in a preferred venue, change of venue cannot be granted. *Id.*; *American Family*, 857 N.E.2d at 974 ("If the complaint is filed in a county of preferred venue, then the trial court has no authority to transfer the case based solely on preferred venue in one or more other counties."). "The preferred venue status of a given county can only be determined as of the time a complaint is filed in court." *Shelton v. Wick*, 715 N.E.2d 890, 894 (Ind. Ct.App.1999) (finding that "venue is to be determined as of the time an action is commenced by the filing of a complaint"), *trans. denied.*

Generally, "[p]referred venue is determined by reference to subsections (1)-(9) of Rule 75(A)." *Lake Holiday Conservancy v. Davison*, 808 N.E.2d 119, 122 (Ind. Ct.App.2004). However, preferred venue may be established under subsection (10) where the following circumstances apply: "(1) when none of the preceding nine sub-

sections establish preferred venue or (2) when all of the defendants are nonresident individuals or nonresident organizations without a 'principal office in the state.'" *American Family*, 857 N.E.2d at 977. The parties do not dispute that subsection (10) applies in this case.

Trial Rule 75(A)(10) provides that preferred venue lies in:

> the county where either one or more individual plaintiff resides, the principal office of any plaintiff organization or governmental organization is located, or the office of any such plaintiff organization or governmental organization to which the claim relates or out of which the claim arose is located, if the case is not subject to the requirements of subsections (1) through (9) of this subdivision or if all the defendants are nonresident individuals or nonresident organizations without a principal office in the state.

Trial Rule 83(5) defines "organization" as "a domestic or foreign corporation, partnership, unincorporated association, business trust, governmental organization or an organization which is a representative." Therefore, Painters, as an unincorporated association, is a plaintiff organization.

In *American Family,* the Indiana Supreme Court addressed the term "principal office" as used in Trial Rule 75(A). It determined that the term "principal office" refers to an organization's registered office; namely, the place where its registered agent can be found. *See* 857 N.E.2d at 974–75; *Coffman v. Olson & Co., P.C.,* 872 N.E.2d 145, 148 (Ind.Ct.App.2007). In this case, neither the parties' affidavits nor documentary evidence addressed the location, if any, of Painters' registered agent.[2]

Subsection (10), however, further allows that preferred venue may lie in "the office of any such plaintiff organization ... to which the claim relates or out of which the claim arose is located...." T.R. 75(A)(10). Thus, preferred venue does not necessarily lie only in the county of a plaintiff organization's principal office. Rather, it also may lie in the county of a plaintiff organization's "specific, non-principal office" if the claim relates to or out of that office. *Cf. Lake Holiday,* 808 N.E.2d at 122 (discussing Trial Rule 75(A)(5), which provides that venue may be located in "the county where ... the principal office of a government organization is located, or the office of a governmental organization to which the claim relates or out of which the claim arose is located ...").

This case arises out of a contract dispute. "Causes of action based on contract are generally 'transitory.'" *Hollingsworth v. Key Ben. Adm'rs, Inc.,* 658 N.E.2d 653, 656 (Ind.Ct.App.1995), *trans. denied.* Thus, decisions and actions from which a claim arises may be made in one county and unrelated to the location of any particular office in another county. *See id.* (finding that, under Trial Rule 75(A)(4), the claim did not relate to or arise out of defendant's Vanderburgh County where the corporate decisions of which plaintiff complained were made in Marion County).

The parties presented conflicting evidence regarding whether Painters' claim related to or arose out of its Marion County office. For example, Calvert and Painters, by Shofstall, executed the Agreement in Vanderburgh County. Painters, however, presented evidence that the decision to file its complaint for declaratory judgment was made in its Marion County office. Furthermore, Calvert asserted that it performed the majority of its IT services in

---

**2.** In its reply brief, Painters asserts that as "an unincorporated association, it has no registered corporate office." Painters' Reply Br. at 6 (footnote omitted).

Painters' Vanderburgh County office while Painters asserted that Calvert "performed work at multiple [Painters] offices under" under the Agreement, including the Marion County office. (App.45). Given this conflicting evidence as well as the lack of evidence regarding the location of Painters' principal office, if any, we hereby reverse and remand to the trial court for a hearing on the evidence.

Reversed and remanded for proceedings consistent with this opinion.

BAILEY, J., and ROBB, J., concur.