## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 14 2018, 9:04 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffrey A. Boyll
Wilkinson, Goeller, Modesitt,
Wilkinson & Drummy, LLP
Terre Haute, Indiana

ATTORNEY FOR APPELLEE

Neal F. Eggeson, Jr.
Eggeson Appellate Services
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Good Samaritan Hospital, <br> *Appellant-Defendant,* <br><br> v. <br><br> Roderick W. Brady, <br> *Appellee-Plaintiff.* | March 14, 2018 <br><br> Court of Appeals Case No. <br> 49A04-1711-CT-2559 <br><br> Appeal from the <br> Marion Superior Court <br><br> The Honorable <br> Gary L. Miller, Judge <br><br> Trial Court Cause No. <br> 49D03-1709-CT-34903 |

**Kirsch, Judge.**

[1]     In this interlocutory appeal, Good Samaritan Hospital ("Good Samaritan") challenges the Marion Superior Court's denial of its motion for transfer to county of preferred venue, raising the following restated issue:  whether the trial

court erred when it denied Good Samaritan's motion for transfer of venue to Knox County as the county of preferred venue.

[2] We reverse and remand.

## Facts and Procedural History

[3] The issue before this court arises from a medical malpractice action. In September 2014, Dr. David G. Purdom ("Dr. Purdom") performed an exploratory laparotomy on Roderick W. Brady ("Brady") at Good Samaritan, which is located in Knox County, Indiana. Nurses, also employed by Good Samaritan, assisted Dr. Purdom during the procedure. Thereafter, Brady's condition deteriorated, and he was transferred to the intensive care unit. In October 2014, Dr. Purdom performed a "re-laparotomy" and removed a medical sponge, which had been left during the prior laparotomy. *Appellant's App. Vol. 2* at 16.

[4] On September 13, 2017, Brady, as a resident of Marion County, filed his medical malpractice complaint for damages in Marion Superior Court against Good Samaritan as the sole defendant.[1] *Id.* at 15. On September 25, Good Samaritan filed its motion for transfer of venue, asserting that Marion County was not a county of preferred venue under Indiana Trial Rule 75, and that "the

---

[1] Brady notes in his brief and alleged in his complaint: "This matter was commenced in the Indiana Department of Insurance per the Indiana Medical Malpractice Act, seeking statutory remedies and following the proceedings set forth in the Act. [Brady]'s Complaint for Damages is being filed pursuant to [Indiana Code §] 34-18-8-1." *Appellant's App. Vol. 2* at 15; *Appellant's Br.* at 6.

only county of preferred venue is Knox County." *Id*. at 6. Attached to that motion was the affidavit of Robert McLin, the CEO of Good Samaritan. McLin averred that: (1) "the principal office of Good Samaritan was located in Vincennes, Knox County, Indiana"; and (2) "Good Samaritan has no connection to Marion County." *Id*. at 8.

On October 10, 2017, Brady filed his objection and response to the motion for transfer of venue, arguing that (1) Good Samaritan's motion for transfer of venue was procedurally deficient; and (2) pursuant to Indiana Trial Rule 75(A)(8), Marion County was also a county of preferred venue for a claim under the Medical Malpractice Act ("MMA").[2] Without a hearing, the trial court summarily denied Good Samaritan's motion for transfer of venue. Good Samaritan now appeals.

## Discussion and Decision

Good Samaritan contends that Knox County is the only county of preferred venue, and therefore, the trial court abused its discretion when it denied Good Samaritan's motion for transfer from Marion County to Knox County. The trial court's decision on a motion such as this is an interlocutory order that is subject to review under an abuse of discretion standard. Ind. Appellate Rule

---

[2] Indiana Trial Rule 75(A)(8) provides: Preferred venue lies in "the county where a claim in the plaintiff's complaint may be commenced under any statute recognizing or creating a special or general remedy or proceeding." Brady contends that the Medical Malpractice Act ("MMA") creates just such a special or general remedy or proceeding.

14(A)(8); Ind. Trial Rule 75(E); *Shelton v. Wick*, 715 N.E.2d 890, 893 (Ind. Ct. App. 1999), *trans. denied*. An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Grimes v. Crockrom*, 947 N.E.2d 452, 454 (Ind. Ct. App. 2011). Here, the parties present a question of statutory interpretation. Interpretation of a statute is a question of law, which we review de novo. *Wall v. Plummer*, 13 N.E.3d 420, 422 (Ind. Ct. App. 2014). We first decide whether the statutory language is clear and unambiguous on its face. *Strozewski v. Strozewski*, 36 N.E.3d 497, 499 (Ind. Ct. App. 2015). "In interpreting the statute, 'we will attempt to determine and give effect to the intent of the legislature.'" *Wall*, 13 N.E.3d at 422 (quoting *Dykstra v. City of Hammond*, 985 N.E.2d 1105, 1107 (Ind. Ct. App. 2013), *trans. denied*).

[7]     Trial Rule 75 governs venue requirements in Indiana. *Painters Dist. Council 91 v. Calvert Enters. Elec. Servs., Inc.*, 906 N.E.2d 254, 257 (Ind. Ct. App. 2009). It contains ten subsections, each setting forth criteria that establish "preferred" venue. *Id.* "A case or complaint may be filed in any county in Indiana, but if the complaint is not filed in a preferred venue, the court is required to transfer the case to a preferred venue upon the proper request from a party." *Id.* The case must be transferred to the county selected by the party that first files such motion if: (1) the court where the action was initially filed *is not* a "preferred venue" as defined by Trial Rule 75(A); and (2) the county selected by the party filing the motion *is* a county of "preferred venue." T.R. 75(A) (emphasis added). The rule does not create a priority among the subsections establishing

preferred venue. *Id.* Trial Rule 75(A) does not always produce preferred venue at the most convenient location. *Painters Dist.*, 906 N.E.2d at 257. Rather, it provides a number of grounds that can establish preferred venue. *Id.* If the action has been commenced in a county of preferred venue, no transfer will be granted. *Shelton*, 715 N.E.2d at 893.

The following subsections of Trial Rule 75 are pertinent to this appeal:

> (A) . . . Preferred venue lies in:
>
> . . . .
>
> (4) the county where either the principal office of a defendant organization is located or the office or agency of a defendant organization or individual to which the claim relates or out of which the claim arose is located, if one or more such organizations or individuals are included as defendants in the complaint; or
>
> . . . .
>
> (8) the county where a claim in the plaintiff's complaint may be commenced under any statute recognizing or *creating a special or general remedy or proceeding*[.]

T.R. 75(A)(4) (emphasis added). In its motion to transfer, Good Samaritan stated that Knox County is a preferred venue pursuant to Trial Rule 75(A)(4). In his response to the motion, Brady countered: (1) that Good Samaritan's motion was procedurally deficient to trigger transfer; and (2) since the MMA "create[s] a special . . . proceeding" in Marion County for medical malpractice

actions, preferred venue lies in Marion County and transfer is prohibited.

*Appellant's App. Vol. 2* at 9.

[9] A court must decide issues of venue "from allegations of the complaint or after hearing evidence thereon or considering affidavits or documentary evidence filed with the motion or in opposition to it." T.R. 75(A). Here, the complaint set forth that Brady was a resident of Marion County, who was filing his malpractice complaint pursuant to Indiana Code section 34-18-8-1. CEO McLin's affidavit, which was attached to Good Samaritan's motion for transfer to county of preferred venue, stated that Good Samaritan was the defendant organization that had a principal office located in Vincennes, Knox County, Indiana. CEO McLin's affidavit was sufficient to prove Good Samaritan's contention that Knox County was a preferred venue. However, that determination was of no import unless Marion County was not a county of preferred venue. The reason being that, if the action had been commenced in a county of preferred venue, transfer would not have been warranted under Trial Rule 75. *Shelton*, 715 N.E.2d at 893. Thus, denial of Good Samaritan's motion required either: (1) that Good Samaritan's motion for transfer to county of preferred venue was procedurally deficient to trigger a transfer of venue; or (2) that Marion County was a county of preferred venue. We discuss these issues in turn.

[10] Trial Rule 75(A) provides that "any case may be venued commenced and decided in any county," but "upon the filing of a pleading or motion to dismiss allowed by Rule 12(B)(3)," it shall be transferred if the county where it was filed

does not meet preferred venue requirements. Here, Brady contends that Good Samaritan's motion failed because it was not "styled a Motion to Dismiss," and "never invoke[d] T.R. 12(B)." *Appellee's Br.* at 8. We are unpersuaded.

[11] Trial Rule 12(B)(3) does not set forth strict guidelines to follow regarding the necessary motion, and instead, it provides:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required; *except that at the option of the pleader, the following defenses may be made by motion*:
>
> . . . .
>
> (3) Incorrect venue under Trial Rule 75, or any statutory provision. The disposition of this motion shall be consistent with Trial Rule 75[.]

T.R. 12(B)(3) (emphasis added). Trial Rule 75 does not require that a motion to transfer make reference to Trial Rule 12(B)(3) or even that it include words related to dismissal. Further, regardless of whether Good Samaritan had titled its motion as a motion to dismiss, dismissal was not the proper remedy. "'When a motion brought under T.R. 12(B)(3) and T.R. 75 is granted, the remedy is not to dismiss the case, but to transfer it to the court where it should have been brought initially." *Woodard v. Woodard*, 794 N.E.2d 484, 486 (Ind. Ct. App. 2003) (quoting *Hollingsworth v. Key Benefit Adm'rs*, Inc., 658 N.E.2d 653, 655 (Ind. Ct. App. 1995), *trans. denied*), *trans. denied*. Indiana courts

"decline to favor form over substance." *In re Scott David Hurwich 1986 Irrevocable Tr.*, 59 N.E.3d 977, 980 (Ind. Ct. App. 2016). Notwithstanding Brady's contention that Good Samaritan's motion was procedurally deficient and should have been in a specific form, it is clear from the record that the parties and the trial court all understood that Good Samaritan wanted the case transferred to Knox County as a preferred venue. We reject Brady's claim that Good Samaritan's motion to transfer was procedurally deficient.

[12] We next turn to whether Marion County was a county of preferred venue. Regarding preferred venue, we have held that "'[i]t is the general spirit and policy of the rules governing venue to give the defendant the right to have the action tried in the county of his or her residence.'" *Salsbery Pork Producers, Inc. v. Booth*, 967 N.E.2d 1, 5 (Ind. Ct. App. 2012) (quoting *State ex rel. Ind. State Bd. of Tax Comm'rs v. Ind. Chamber of Commerce, Inc.*, 712 N.E.2d 992, 996 (Ind. Ct. App. 1999)). "However, there is no 'priority among the subsections establishing preferred venue.'" *Id.* (quoting *Coffman v. Olson & Co., P.C.*, 872 N.E.2d 145, 147 (Ind. Ct. App. 2007)). Thus, "there may be multiple preferred venues in a given case," and a motion to transfer venue "cannot be granted when an action has been filed in a preferred venue." *Id.* In the absence of a procedural deficiency, the trial court's denial of Good Samaritan's motion to transfer to Knox County was appropriate only if Marion County, Brady's choice of venue, was also a county of preferred venue.

[13] Brady relies on Trial Rule 75(A)(8), which allows preferred venue to lie in "the county where a claim in the plaintiff's complaint may be commenced under any

statute recognizing or *creating a special or general remedy or proceeding*[.]"
(Emphasis added). The meaning of this subsection is a question of law. In his
response to Samaritan's motion, Brady argued, that "[b]y definition, the
[MMA] creates *a special proceeding* for resolution of medical malpractice
actions." *Appellant's App. Vol. 2* at 11 (emphasis added). As support for his
position that the MMA makes Marion County a preferred venue, Brady cites to
the following language in Indiana Code section 34-18-15-3, which pertains
specifically to suits filed against the Patient's Compensation Fund:

> If a health care provider or its insurer has agreed to settle its
> liability on a claim by payment of its policy limits established in
> IC 34-18-14-3(b) and IC 34-18-14-3(d), and the claimant is
> demanding an amount in excess of that amount, the following
> procedure must be followed:
>
> (1) A petition shall be filed by the claimant in the *court named in
> the proposed complaint, or in the circuit or superior court of Marion
> County*, at the claimant's election . . . .

Brady reasons that Marion County must be a preferred venue for all medical
malpractice claims because Marion County is a stated venue in which to file a
claim, pursuant to Indiana Code chapter 34-18-15, seeking payments from the
Patient's Compensation Fund in excess of settlement. *Appellant's App. Vol. 2* at
11-12. We are unconvinced that Marion County is a preferred venue under the
facts of this case.

[14] Here, Brady did not file suit against the Patient's Compensation Fund. The
record before us reflects no discussion regarding settlement, or even talk that the

parties were engaged in negotiations. In his complaint, Brady alleged, "Plaintiff's complaint for damages is being filed pursuant to I.C. [section] 34-18-8-1." *Appellant's App. Vol. 2* at 15. That section, in pertinent part, provides, "[A] patient or the representative of a patient who has a claim under this article for bodily injury or death on account of malpractice may do the following: (1) File a complaint in *any* court of law having requisite jurisdiction." I.C. § 34-18-8-1 (emphasis added). That section allows a party to file a medical malpractice action in any county, showing no preference for Marion or any other county.

[15]   Even so, Brady states that the MMA has special remedies or proceedings (as described in Trial Rule 75(A)(8)) that allow Marion County to be a preferred venue.[3] He suggests that the cap on compensatory damages, the need to seek excess damages from the Patient's Compensation Fund, the control over attorney fees, and the unique hearsay exceptions and foundational requirements for expert testimony are all specific to the MMA. Such factors, however, are distinguishable from the context in which our court has found preferred venue under Trial Rule 75(A)(8). Subsection (A)(8) "'adopts special venue statutes into the regulatory scheme of T.R. 75.'" *MacLeod v. Guardianship of Hunter*, 671

---

[3] Brady also contends that Marion County must be a preferred venue under the MMA because it requires that claims must be commenced in the Indiana Department of Insurance and first presented to a medical review panel, which is chaired by a Marion County attorney. *Appellant's App. Vol. 2* at 11-12. Again, we disagree. Notwithstanding the need to file a proposed complaint with the medical review panel, our court has held that an action under the MMA is commenced within the meaning of our trial rules by filing a complaint with the court. *Shelton v. Wick*, 715 N.E.2d 890, 894 (Ind. Ct. App. 1999). "Submitting a proposed complaint to the Department of Insurance does nothing more than toll the statute of limitations and satisfy the statutory condition precedent to commencing a medical malpractice action." *Id.*

N.E.2d 177, 179 (Ind. Ct. App. 1996), *trans. denied*. In that way, Trial Rule 75(A)(8) "retains the 'statutory' venue as an alternative venue, thereby avoiding any conflict." *Id*. (citation omitted); *see Strozewski*, 36 N.E.3d at 500 (Indiana Code section 31-15-2-6 requires "at least one of the parties must have been a resident of Indiana for six months immediately preceding the filing of the petition and at least one of the parties must have been a resident of the county where the petition is filed for at least three months immediately preceding the filing"); *Muneer v. Muneer*, 951 N.E.2d 241, 243 (Ind. Ct. App. 2011) (although any court of record has jurisdiction to issue a civil order for protection, pursuant to Indiana Code section 34-26-5-4, a petition for such order must be filed in county where petitioner resides, respondent resides, or violence occurred); *Shelton*, 719 N.E.2d at 896 ("The Indiana Probate Code provides that all claims against a decedent's estate are to be filed with the court in which such estate is being administered."). *Cf. Comm'r of Labor v. An Island, LLC*, 948 N.E.2d 1189, 1192 (Ind. Ct. App. 2011) (finding that Trial Rule 75(A)(8) does not apply to the Wage Claims Act, which "allows recovery of wage claims in any county with jurisdiction over the suit" but does not designate venue in a particular county), *trans. denied*. Because the MMA does not create a special venue that conflicts with Trial Rule 75(A), Marion County was not a preferred venue.[4]

---

[4] Brady's other arguments regarding Marion County being a preferred venue—that Good Samaritan voluntarily availed itself of the protections of the MMA and that judicial economy and efficient use of court resources necessitates that Marion County is preferred venue—do not arise under T.R. 75(A); therefore, we do not address them.

Knox County was a preferred venue under Trial Rule 75(A)(4), and Marion County was not a preferred venue under Trial Rule 75(A)(8). Accordingly, the trial court abused its discretion when it denied Good Samaritan's motion for transfer to Knox County as a county of preferred venue. We remand this case with orders to transfer it to Knox County for further proceedings.

Reversed and remanded.

Bailey, J., and Pyle, J., concur.